IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS SWEDE-RAYMOND NELSON,<br>　　　　　Petitioner,<br>　vs.<br>GEORGE BUSH, et al.,<br>　　　　　Respondent. | No. C 07-05581 JW (PR)<br><br>ORDER DISMISSING HABEAS PETITION FOR FAILURE TO EXHAUST STATE REMEDIES; GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Docket No. 3) |

　　　　Petitioner, a state prisoner incarcerated at Santa Rita County Jail in Dublin, California, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 on November 1, 2007, challenging the validity of his state conviction. Petitioner filed a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

　　　　A state prisoner who wishes to challenge collaterally in federal habeas proceedings either the fact or length of their confinement is first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The

Order of Dismissal for Failure to Exhaust State Remedies; Granting IFP
N:\Pro - Se\1.18.2008\07-05581 Nelson5581_dismissal-exh.wpd

state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process.").

In this case, petitioner states in his petition that he has not brought any appeal or collateral challenges in the state courts regarding his parole violation sentence. As a result, he has not exhausted his state remedies, and the petition must be dismissed. See Rose v. Lundy, 455 U.S. at 510. A dismissal solely for failure to exhaust is not a bar to petitioner returning to federal court after exhausting available state remedies, if the relief he seeks is not granted there. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Accordingly, this petition is DISMISSED without prejudice to petitioner filing a new federal habeas corpus petition once he has exhausted state remedies by presenting his claims to the highest state court.

Petitioner's motion to proceed in forma pauperis (Docket No. 3) is GRANTED.

DATED: January 14, 2008

JAMES WARE
United States District Judge